IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| Donnie G. Rubell, ) | |
| Plaintiff ) | |
| ) | Cause No. 7:13-CV-74, |
| v. ) | Cause No. 7:13-CV-75, and |
| ) | Cause No. 7:13-CV-78 |
| Fed Ex Ground, et al ) | |
| Defendants ) | |

<u>Findings and Recommendations</u>

Each of the these cases have been referred to the undersigned for pretrial management.[1] In each of these cases the Plaintiff Donnie G. Rubell has filed a motion seeking leave to file *in forma pauperis* without payment of filing fees. In none of these cases has the Plaintiff sought prior approval from the Court to file as has heretofore been mandated by Order of this Court.[2] Sections 1915A(b) and 1915(e)(2)(B) of Title 28 provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U. S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

---

[1] Docket No. 5 in Cause No. 7:13-CV-74, Docket No.6 in Cause No. 7:13-CV-75, and Docket No. 5 in Cause No. 7:13-CV-78.

[2] Order Accepting Findings of Fact and Conclusions of Law, Docket No. 9, Cause No. 7:10-CV-25 and Order Adopting Findings of Fact and Recommendation, Docket No. 7, cause No. 7:10-CV-164.

Prior Cases

These three cases are the 10th, 11th and 12th filed by Plaintiff Rubell arising out of incidents occurring during the 1992-1994 time period while Plaintiff was employed by Fed Ex Ground.[3] Each of these cases name the same parties[4] and assert the same causes of action[5] as have heretofore been dismissed *with prejudice* by this Court as being time barred. Furthermore, this Court has heretofore ordered that Plaintiff seek this Court's prior permission before filing any new suit in Federal court.[6]

Findings

Finally, I conclude that none of Rubell's claims can be factually sustained. They lack an arguable basis in fact. I find that each of these cases is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i).

Recommendation

Accordingly, I recommend that leave to proceed *in forma pauperis* be denied and that each of these cases be dismissed with prejudice. I recommend that this Court instruct the Clerk

---

[3] Prior history of case filings summarized in Findings and Recommendations, Docket No. 7, Cause No. 7:10-CV-25.

[4] Fed Ex Ground (Package System), National R/X Services Inc. of Texas, Texas Department of Insurance Workers Compensation Division, Protective Insurance Company, Liberty Mutual Insurance Company, Amaih Timms, United States Fire Insurance, Amy Chastain, David P. Davidson, Edward Blank Association, IQI Inc., General Dynamics Corporation, Medco

[5] Title VII racial discrimination in employment and retaliation causes of action and cause of action sounding as an appeal of an adverse workers compensation determination.

[6] Order Accepting Findings of Fact and Conclusions of Law, Docket No. 9, Cause No. 7:10-CV-25 and Order Adopting Findings of Fact and Recommendation, Docket No. 7, cause No. 7:10-CV-164.

of this Court to refuse to docket any civil lawsuit complaint by Donnie G. Rubell tendered without prepayment of the requisite filing fee and security for costs until permission for the filing thereof has been expressly granted by this Court.

It is so ORDERED, this 19th day of June, 2013.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).